IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Frank Dailey, Sr.,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro; Terry Goddard, Attorney General of the State of Arizona,<br><br>    Respondents. | No. CIV 06-1984-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

    Allan Frank Dailey filed a petition for writ of habeas corpus on August 16, 2006, challenging his conviction for aggravated driving under the influence following a guilty plea, and the trial court's imposition of a stipulated[1] term of 6 years' imprisonment. He raises three grounds for habeas relief, alleging the unconstitutionality of his aggravated sentence, imposed in violation of *Blakely v. Washington*[2] and beyond the statutory guidelines contained in Titles 13 and 28 of the Arizona Revised Statutes. Respondents argue that Dailey's petition, filed two years after his conviction became final, is untimely. Respondents further contend that his untimely Rule 32 petition, filed one year and eight months after his sentencing, did not statutorily toll the limitations period. Finally, they maintain that Dailey

---

[1] *See* Doc. #8, Exh D, M.E. 5/3/05.

[2] 542 U.S. 296 (2004).

is not entitled to any equitable tolling. The Court agrees and recommends that his petition be denied and dismissed with prejudice.

On June 5, 2003, Dailey pleaded guilty to aggravated driving under the influence and admitted one prior felony DUI conviction (Doc. #8, Exh A). He was sentenced on July 3, 2003 (*Id.*, Exh B). On March 11, 2005, Dailey filed a post-conviction petition, alleging a *Blakely* violation (*Id.*, Exh C). On May 3, 2005, the trial court dismissed his petition as untimely, finding as follows:

> Defendant filed on March 11, 2005 an untimely Notice of Post Conviction Relief. He now seeks relief pursuant to Rule 32.1(g), Arizona Rules of Criminal Procedure, claiming that *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004), is a significant change of law that applies to his case.
>
> In *Blakely*, the United States Supreme Court, held that pursuant to its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002), a defendant is entitled to a jury's determination of any fact that increases the penalty for a crime beyond the prescribed maximum. However, in *Schririo v. Summerlin*, 542 U.S. __, 124 S.Ct. 2519 (2004), the Court also held that although *Ring* and *Apprendi* constitute a significant change in the law, this change is procedural, but not a watershed procedural rule, and does not apply retroactively to convictions that are final. The Arizona appellate courts also have declared that *Ring* and *Apprendi* do not apply retroactively to convictions that are final. *State v. Towery*, 204 Ariz. 386, 64 P. 3d 828 (2003); *State v. Sepulveda*, 201 Ariz. 158, 37 P.3d 432 (App. 2001), review denied.
>
> A conviction becomes final when the time for filing the Rule 32 of-right proceeding has passed. *Towery*, 204 Ariz. at 390. The defendant was sentenced on July 3, 2003 following his guilty plea which stipulated to an aggravated sentence of six years. The defendant did not timely file a Rule 32 of-right notice. His conviction is therefore final and he is not entitled to relief under Rule 32.1(g).
>
> IT IS THEREFORE ORDERED dismissing defendant's Notice of Post-Conviction Relief.

(*Id.*, Exh D).

Dailey was required to file his federal petition within one year of the time his conviction became final. *See* 28 U.S.C. § 2244(d). As a result of his guilty plea, his conviction became final when he was sentenced on July 3, 2003. Dailey was required to file his habeas petition by July 4, 2004. However, "the time during which a properly filed

- 2 -

1 application for post-conviction or other collateral review with respect to the pertinent
2 judgment or claim is pending shall not be counted toward any period of limitation." *See* §
3 2244(d)(2). A review of the Maricopa County Superior Court docket indicates that Dailey
4 had *nothing* pending in state court from July 3, 2003 until he filed his petition for post-
5 conviction relief on March 11, 2005 - ten months past the one-year limitations period. The
6 trial court dismissed his petition as untimely, and therefore it was not "properly filed" within
7 the meaning of § 2244(d)(2). *See Pace v. DiGiguglielmo*, 544 U.S. 408 (2005). In addition,
8 once the limitations period lapsed, Dailey could not "restart" the period by filing a state court
9 action that would have tolled the limitations period, had it been timely filed. *See Ferguson*
10 *v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Finally, Dailey is not entitled to equitable
11 tolling. He has not shown extraordinary circumstances beyond his control which made it
12 impossible for him to timely file: that he diligently pursued his rights and that some
13 "extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

14 **IT IS THEREFORE RECOMMENDED** that Allan Frank Dailey's petition for writ
15 of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

16 This recommendation is not an order that is immediately appealable to the Ninth
17 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18 Appellate Procedure, should not be filed until entry of the district court's judgment. The
19 parties shall have ten days from the date of service of a copy of this recommendation within
20 which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules
21 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
22 which to file a response to the objections. Failure timely to file objections to the Magistrate
23 Judge's Report and Recommendation may result in the acceptance of the Report and
24 Recommendation by the district court without further review. *See United States v. Reyna-*
25 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
26 determinations of the Magistrate Judge will be considered a waiver of a party's right to
27
28

1  appellate review of the findings of fact in an order or judgment entered pursuant to the
2  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
3        DATED this 14th day of February, 2007.

---
David K. Duncan
United States Magistrate Judge

- 4 -