**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Allan Frank Dailey, Sr., | ) | No. CV06-1984-PHX-SRB |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Allan Frank Dailey, Sr. filed his Petition for Writ of Habeas Corpus on August 16, 2006, challenging his state court conviction for aggravated driving while under the influence for which he received a sentence following a guilty plea to six years in prison. He was sentenced on July 3, 2003. Because Petitioner was convicted pursuant to a plea of guilty there was no appeal and he did not file a Petition for Post-Conviction Relief until March 11, 2005. The state court dismissed his petition as untimely on May 3, 2005. The basis for the Petition for Post-Conviction Relief was an alleged significant change in the law that if applicable to the Petitioner's case would overturn his conviction or sentence. See, Rule 32.1(g), Arizona Rules of Criminal Procedure. Petitioner argued before the state court that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2431 (2004), was a significant change in the law that applied to his case and required that his conviction and sentence be overturned. The state trial court disagreed because *Blakely* had been found not to be

retroactive to final convictions such as Petitioner's and dismissed the Petition for Post-Conviction Relief as untimely.

On February 15, 2007, the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice because it was filed outside of the one-year statute of limitations for habeas petitions. 28 U.S.C. § 2244(d). The Magistrate Judge also concluded that Petitioner was not entitled to equitable tolling because he had made no showing of extraordinary circumstances beyond his control which made it impossible for him to timely file for habeas relief. In coming to these conclusions, the Magistrate Judge noted that the Petitioner's conviction became final on July 3, 2003. The one-year statute of limitations expired long prior to the filing of his state court Petition for Post-Conviction Relief. The filing of that untimely petition cannot restart the one-year limitations period of 28 U.S.C. § 2244(d).

Petitioner filed an objection entitled Written Response to Report and Recommendation on April 30, 2007. He argues that his petition was timely filed based on Arizona Rules of Criminal Procedure 32.1(g) and 32.4. Rule 32.4 sets a 90-day limit for the filing of Petitions for Post-Conviction Relief after the entry of judgment and sentence subject to certain exemptions including petitions filed pursuant to Rule 32.1(g). Petitioner also cites 28 U.S.C. § 2244(d)(1)(C) as an exception to the one-year period of limitations arguing that he filed his petition within one-year of the date when a constitutional right was initially recognized by the Supreme Court and made retroactively available to cases on collateral review.

Unfortunately for the Petitioner, neither Arizona Rule 32.4 nor 28 U.S.C. § 2244(d)(1)(C) are applicable here. As recognized by the state trial court, the rule established in *Blakely* is not applicable retroactively to convictions that were final at the time *Blakely* was decided. For that reason Petitioner was not entitled to an exception from the 90-day limitation for filing for Post-Conviction Relief in state court and for the same reason his one-year statute of limitations for filing for federal habeas relief dates from the date on which the state court judgment became final and not the date on which *Blakely* was decided.

- 2 -

1    IT IS ORDERED overruling Petitioner's objections to the Report and
2 Recommendation of the Magistrate Judge. The Court agrees with the Magistrate Judge's
3 Report and Recommendation that Petitioner's Petition for Writ of Habeas Corpus must be
4 dismissed with prejudice because it was filed long after the expiration of the one-year statute
5 of limitation.

6    IT IS FURTHER ORDERED adopting the Report and Recommendation of the
7 Magistrate Judge as the order of this Court.

8    IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied
9 and dismissed with prejudice.

   DATED this 16th day of May, 2007.

/s/ Susan R. Bolton
Susan R. Bolton
United States District Judge